## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM POOR, Y30054,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ROB JEFFREYS,** | ) | |
| **ANTHONY WILLS,** | ) | |
| **YVETTE BAKER,** | ) | |
| **C. RICHMOND,** | ) | |
| **R. RENLE,** | ) | |
| **JENNIFER COWAN,** | ) | |
| **ANN LAHR,** | ) | |
| **DEBBIE KNAUER,** | ) | |
| **J. SADDLER,** | ) | **Case No. 22-cv-1738-DWD** |
| **S. DEES,** | ) | |
| **DIANE SKORCH,** | ) | |
| **ANITA HILL,** | ) | |
| **M. HALLMAN,** | ) | |
| **LIVELY,** | ) | |
| **DAVID MITCHELL,** | ) | |
| **TRAVIS BAYLER,** | ) | |
| **JOHN OR JANE DOE RECORDS** | ) | |
| **OFFICE,** | ) | |
| **JOHN OR JANE DOE CLINICAL** | ) | |
| **SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff William Poor, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard) and Pinckneyville Correctional Center (Pinckneyville). (Doc. 14). Plaintiff's original complaint was

dismissed because the factual allegations did not align with a viable legal claim.  Plaintiff filed a timely amended complaint, which is also insufficient to state a claim.

Plaintiff's Amended Complaint (Doc. 14) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a)-(b).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint and Amended Complaint

In the original complaint, Plaintiff made allegations about his security classification based on a 2018 escape charge that was dismissed in March of 2021, and his access to educational programing that was restricted based on his security classification. The Court found on initial review that Plaintiff's claims related to his security classification or access to education were insufficient because inmates do not have a liberty interest in their security classification, or related eligibility for programming. (Doc. 13 at 4-5).

In the Amended Complaint, Plaintiff repeated his original allegations verbatim (Doc. 14 at 4-7), and he included new allegations of the same variety about events that transpired near the time he started this lawsuit or after the filing of his original complaint. Specifically, Plaintiff has now included allegations about his time at Pinckneyville.

Plaintiff was transferred from Menard to Pinckneyville in July of 2021 when his escape risk and security classification was revised. (Doc. 14 at 7). At Pinckneyville, Plaintiff began to inquire about another security reclassification in April of 2022. He was informed that he would be considered for reclassification during an annual review, which was set to take place in May of 2022. (*Id.* at 8). Ultimately, Plaintiff learned in July of 2022 that his reclassification was denied. He applied for an institutional transfer, which was also denied in August of 2022. He grieved the denials to no avail.

Plaintiff seeks a declaration from the Court that he be reclassified as "minimum security risk." (Doc. 14 at 9). Plaintiff also seeks monetary compensation. In support of his complaint, Plaintiff submitted relevant documentation.

## Analysis

As the Court explained upon initial review of the original complaint, the Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property without due process of law[.]" U.S. Const. amend. XIV, § 1. However, "prisoners possess neither liberty nor property [interests] in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992); *see also Ollie v. IDOC*, No. 15-CV-1313-SMY, 2016 WL 51406, at *5 (S.D. Ill. Jan. 5, 2016) ("It is well established that no constitutional violation occurs when a prisoner is improperly classified."); *Fields v. Cartwright*, No. 13-cv-01305-JPG, 2014 WL 201531, at *2 (S.D. Ill. Jan. 17, 2014) ("No constitutional claim arises from Plaintiff's reclassification as a 'high' escape risk."); *Siddiqui v. Lane*, 763 F.Supp. 284, 285-86 (N.D. Ill. 1991) ("It is a well-settled principle that an inmate has no constitutional right to a particular security classification

status.") (internal citations omitted); *Jones v. Stateville Penitentiary*, No. 87C7792, 1988 WL 79645, at *1 (N.D. Ill. 1988) ("[a] resident of a correctional institution has no constitutional right to a particular classification status").  An inmate might only state a claim about his security classification or prison placement if he can establish that the conditions of confinement in a particular prison or with a particular classification pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995).

Plaintiff's amended complaint fails for the same reasons his original complaint failed.  An inmate does not have a protected interest in his security classification or his prison placement.   Plaintiff's amended complaint restates the same facts from the original, which are still insufficient.  To the extent Plaintiff now seeks to add allegations about his experience with security classification or a transfer request at Pinckneyville, these allegations are also insufficient.  Plaintiff has not provided any factual allegations that suggest his placement or security classification caused his conditions in prison to be atypical or a significant hardship.  Instead, it appears that Plaintiff challenges his classifications and placement because he believes that they were erroneous based on an underlying escape conviction being vacated.

While it is understandable that Plaintiff is frustrated by IDOC's handling of his status after his escape charges were vacated, it appears that his security classification was reduced, and he was transferred from Menard's maximum-security area to Pinckneyville (a medium-security facility).  He does not describe conditions at Pinckneyville that were atypical or a significant hardship.  He merely alleges he is unhappy because Pinckneyville

did not further reclassify him or send him to a minimum-security facility.  These facts are not enough to state a sufficient Fourteenth Amendment claim.

Plaintiff will not be given a chance to amend his complaint because it is not apparent that there are any allegations he could present related to his original or amended complaints that would be sufficient to state a claim against the named defendants.  A plaintiff should typically be given at least one chance to amend, but further leave to amend may be denied if it is certain that an amendment would be futile or otherwise unwarranted.  *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (leave to amend might be denied if an amendment is untimely, plaintiff has had multiple chances to cure a defect, or leave would cause an undue delay or prejudice).  Here, Plaintiff was given a chance to amend his complaint, and he did nothing to change the original claims that were defective.  Instead, he simply added more claims that are deficient for the same reasons.  Given that Plaintiff appears to take issue solely with his security classification and prison assignment—two issues that are not associated with protected rights—the Court finds that further amendment of his pleadings would be futile.  Accordingly, Plaintiff will not be given a second chance to amend.

## Disposition

Plaintiff's complaint is dismissed for failure to state a valid claim under 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

Dated: May 15, 2023

_____

DAVID W. DUGAN
United States District Judge


## <u>Notice to Plaintiff</u>

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed in forma pauperis on appeal, he must file a motion for leave to proceed in forma pauperis in this Court. *See* Fed. R. App. P. 24(a)(1). A motion for leave to appeal in forma pauperis MUST set forth the issues the Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. See Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).